**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Behrooz BADIE, Defendant–Appellant.**

**No. 12–10636.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2014.*

Filed Jan. 15, 2015.

Philip A. Ferrari, Assistant U.S., USSAC–Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Timothy Edward Warriner, Law Office of Timothy E. Warriner, Sacramento, CA, for Defendant–Appellant.

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before: RAWLINSON and MURGUIA, Circuit Judges, and NAVARRO, Chief District Judge.**

MEMORANDUM ***

Defendant–Appellant Behrooz Badie appeals the district court's entry of judgment and imposition of sentence. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

We reject Defendant–Appellant's argument that the trial court abused its discretion by denying Defendant–Appellant's motion to exclude Agent Sommercamp's testimony. The trial court did not commit error under *United States v. Curtin,* 489 F.3d 935, 957–58 (9th Cir.2007) (en banc), because the FBI 302s at issue were not proffered or received as evidence. Additionally, "[i]ssues of credibility are to be resolved by the jury, not the trial court." *United States v. Evans,* 728 F.3d 953, 964 (9th Cir.2013) (quoting *Rainey v. Conerly,* 973 F.2d 321, 326 (4th Cir.1992)) (internal quotation marks omitted).

We likewise reject Defendant–Appellant's claim that Judge Garcia committed plain error by failing to recuse himself. Judge Garcia did not "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). At most, Judge Garcia's actions and comments were permissible "expressions of impatience, dissatisfaction, annoyance, and even anger." *Id.* at 555–56, 114 S.Ct. 1147.

Finally, we reject Defendant–Appellant's claim that the trial court abused its discretion by denying Defendant–Appellant's motion for continuance of sentence proceedings. Defendant–Appellant was not diligent in readying his defense prior to the date of sentencing; it is unlikely that the need for the continuance would have been met if the continuance had been granted; the continuance would have inconvenienced the trial court; and Defendant–Appellant was not prejudiced by the denial of the motion. *See United States v. Flynt,* 756 F.2d 1352, 1359 (9th Cir.1985).

**AFFIRMED.**

---

** The Honorable Gloria M. Navarro, Chief District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.